IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JONATHAN COLLINS, | * | |
| | * | |
| Plaintiff, | * | CA No. 1:13CV31-WLS |
| | * | |
| v. | * | |
| | * | |
| DEMETRIUS SHEPPARD, et al., | * | |
| | * | |
| Defendants. | * | |

**PROTECTIVE ORDER**

Defendants having moved for entry of a protective order to facilitate the disclosure of confidential juvenile records, including a video of the incident giving rise to Plaintiff's claims, and having fully considered the matter and for good cause shown, the Court now enters this PROTECTIVE ORDER as set forth below:

1.

Whereas proceedings in this matter may involve the disclosure and submission to the Court of confidential juvenile records, including a video record of the incident in question.

2.

The parties and their counsel are advised that any juvenile records produced, including the video referenced above, during discovery are to be used

solely for the purpose of the litigation of this matter and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms of this Order.

3.

The juvenile records produced may only be disclosed to the attorneys of record in this litigation and any employees of such attorneys as may be necessary. Disclosure to any party, party representative or expert witness retained by the parties may be made only upon providing notice to those persons of the existence of this protective order. It shall remain the duty of counsel to reasonably ensure that any person to whom the produced documents are disclosed observe the terms of this order.

4.

To the extent necessary to examine or cross examine any person who is identified in the records, counsel may present and identify the record to the person being examined or cross examined. However, that examination and the attachment of the record to a deposition must be taken under seal and it shall be the duty of counsel to so inform any person transcribing that testimony.

5.

In the event that any counsel wishes to refer to the record in any affidavits, briefs, memoranda of law or other papers filed in Court in this litigation, such information shall be filed under seal with the Court.

6.

The Clerk of Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which include or refer to any juvenile records that have been produced pursuant to this Order.

7.

Within one hundred and twenty days after conclusion of this litigation and any appeal thereof, the juvenile records and all reproductions of the juvenile records produced shall be destroyed, except as this Court may otherwise order or to the extent such records were used as evidence at the trial. It shall be the duty of counsel of any party to ensure that any such destruction occurs by any recognized method in the legal community which would preclude any further or unintended disclosure.

8.

This order shall not bar any attorney in the course of rendering advice or an evaluation of this litigation from conveying to his or her client information produced herein; provided however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific

contents of the produced records if the disclosure is contrary to the terms of this order.

So ordered this 23rd day of August, 2013.

_____
Hon. W. Louis Sands
United States District Judge

Prepared by:
Cristina Correia
Assistant Attorney General
40 Capitol Square, SW
Atlanta, GA 30334